IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHATAR CAPITAL INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-20-1057-HE |
| | ) |
| AMIR M. FARZANEH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

In this case, plaintiff Shatar Capital Inc. seeks to enforce a Guaranty Agreement executed by defendant Amir M. Farzaneh. The Guaranty Agreement was part of the security for a loan in the amount of $5,350,000 made by Shatar Capital Inc. to 1005 LLC, an Oklahoma limited liability company controlled by Farzaneh. The loan to 1005 LLC is also the basis for a related case, CIV-20-1124-HE, in which 1005 LLC and Farzaneh assert various claims against Shatar Capital Inc. Farzaneh asserts those same claims here as counterclaims. Shatar Capital Inc. has now moved for summary judgment on the guaranty and as to defendant Farzaneh's counterclaims.

### Background

The bulk of the background facts pertinent to the issues in this case are undisputed. Shatar Capital Inc. loaned $5,350,000 to 1005 LLC in August 2018, pursuant to a note and mortgage, to enable 1005 LLC to acquire an office building in Moore, Oklahoma. Defendant Farzaneh executed a guaranty of the note. The note was due to mature August 23, 2019, but the maturity was extended to March 1, 2020, by a Loan Modification and

Extension Agreement effective as of December 11, 2019.   It is undisputed that the note was not paid by March 1, 2020, and that 1005 LLC was in default thereafter.

It is undisputed that Shatar Capital made assignments of some or all of its interest in the loan at various times and that some or all of those participation interests were eventually re-transferred to Shatar Capital while this case was pending.

It is also undisputed that, with credit for all payments made during the life of the loan and subject to adjustment for the impact of counterclaims asserted here or in the related case, the total unpaid principal and interest, as of August 10, 2022, was $6,010,437.59, plus collection costs in the amount of $69,509.35 and accruing interest at the rate of $1910.96 per day from August 10, 2022, until paid.[1]

Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotations and citation omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. liberty Lobby, Inc., 477

---

[1] *Farzaneh's response to the present motion does not take issue with plaintiff's assertion of the unpaid balance other than to argue it may be subject to reduction based on the counterclaims asserted here or in the related case.  See plaintiff's undisputed fact #12 and defendant's response.*

U.S. 242, 248 (1986). Applying these standards to the parties' submissions here, the court concludes plaintiff's motion should be granted, subject only to the potential reduction of amounts due under the guaranty based on how 1005 LLC's claims are resolved in the related case.

As noted above, it is undisputed that defendant Farzaneh executed an unconditional guaranty of 1005 LLC's debt to the plaintiff. It is undisputed that the debt guaranteed is in default with an unpaid balance as indicated. Therefore, Farzaneh is liable on the guaranty unless he can show the existence of some material issue of fact the resolution of which might be a basis for him avoiding liability. None of his arguments do so.

Defendant contends he should not be liable on the guaranty because plaintiff lacks "standing" to assert a claim as to it.[2] He characterizes the argument as whether plaintiff has standing to assert rights as to the note and mortgage. His argument is based on the evidence that Shatar Capital sold participation interests in the note and mortgage to others.

Here, of course, the issue is not whether plaintiff has the right to enforce the note and mortgage, but whether he has the right to enforce the guaranty. Defendant's submissions do not directly address any purported transfer of the guaranty. However, to the extent that defendant argues the guaranty was transferred incident to the assignment of participation interests, it suffices to say there is no evidence offered here that plaintiff ever

---

[2] *Confusion often results when parties describe "standing" as the issue, when the issue is actually what party or entity is the real party in interest or whether than party has a substantive basis for recovery.*

3

ceased to be the holder of the underlying note or of the guaranty.³  As discussed more fully in the summary judgment order separately entered in the related case, evidence of the sale of participation interests is not inconsistent with plaintiff's continued status as the holder of the pertinent note with the authority to enforce it.

As is also discussed more fully in the order entered in the related case, Mr. Farzaneh is in no position to assert there was something wrong with the practice of selling participations in the loan.  The undisputed evidence shows that the Loan Modification and Extension Agreement signed in December 2019 explicitly acknowledged assignments had been made and continued to designate Shatar Capital as the lender.  Moreover, the modification agreement explicitly waived any defenses or counterclaims the guarantor might have had as of that time.

Even absent the waivers and releases included in the modification agreement, the waivers of defenses included in the guaranty itself preclude Mr. Farzaneh's reliance on the counterclaims he now asserts.⁴  Language in a guaranty such as was included here is generally enforceable in Oklahoma, as guarantors "are bound by the unambiguous terms of the contract although the result may be harsh." JPMorgan Chase Bank, N.A. v. Specialty Restaurants, Inc., 243 P.3d 8 (Okla. 2010).

---

³ *Contrary to defendant's suggestion in his brief, the various assignments between third parties do not purport to assign all of Shatar Capital's interest in the note and mortgage, but rather assign all of the particular assignor's interest in them.*

⁴ *The Guaranty Agreement, Doc. #53-4, provides that (para. 2), among other things, the Guarantor "expressly waives ... all rights of counterclaim, recoupment, offset or setoff ...."*

To the extent that Mr. Farzaneh asserts fraud in the inducement of his guaranty (or of the underlying obligation), based on an alleged promise of Mr. Namvar to purchase and lease back the property, he has released any claim in that regard. Mr. Farzaneh's submissions make it clear that he knew, by the time the lease modification agreement was entered into in December 2019, that Mr. Namvar was not purchasing the property or doing a leaseback. Pursuant to the explicit provisions of the modification agreement, any claim or counterclaim then existing against Shatar Capital based on such a promise was released.

Similarly, defendant has not submitted evidence sufficient to create a justiciable issue as to his purported constructive fraud counterclaims even if he was otherwise able to assert them. Any such claims appear to ones held by 1005 LLC, as the party contractually bound on the note and mortgage, rather than Mr. Farzaneh as guarantor. More importantly, however, and as discussed more fully in the summary judgment order in the related case, Mr. Farzaneh and his entities have not identified or supported a plausible basis for a constructive fraud (or negligence) claim even in favor of 1005 LLC.

In short, Mr. Farzaneh's submissions are insufficient to create a justiciable issue as to any matter that might impact the enforceability of his guaranty. He is liable under it for any amounts 1005 LLC is ultimately found to be liable for under the Note and Mortgage.

## Summary

The court concludes plaintiff is entitled to summary judgment as to liability on the guaranty and that the amount due under the guaranty is that indicated above, subject only to reduction for any amounts 1005 LLC may establish as an offset in the related litigation. Plaintiff's motion [Doc. #53] is **GRANTED** to that extent.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE